JAMES F. MCCABE (CA BAR NO. 104686)
JMcCabe@mofo.com
ANGELA E. KLEINE (CA BAR NO. 255643)
AKleine@mofo.com
LAUREN WROBLEWSKI (CA SBN 291019)
LWroblewski@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
DHI GROUP, INC. and DICE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IAN DOUGLAS, individually, as a representative of the class, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>DHI GROUP, INC. and DICE INC.,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS DHI GROUP, INC. AND DICE INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332(D)(2), 1441(A)**<br><br>[Santa Clara Superior Court Case No. 17CV313578] |

NOTICE OF REMOVAL

sf-3814574

1

PLEASE TAKE NOTICE that Defendants DHI Group, Inc. ("DHI") and Dice Inc. ("Dice"), through undersigned counsel, hereby remove this case from the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California. DHI and Dice deny the allegations and damages claimed in the Complaint, and file this notice without waiving any defenses, exceptions, or obligations that may exist in their favor in either state or federal court.

**PROCEDURAL BACKGROUND**

On July 26, 2017, the above-entitled action was brought in the Superior Court of California, County of Santa Clara, Case No. 17CV313578, by Plaintiff Ian Douglas ("Plaintiff") against DHI and Dice. Plaintiff personally delivered the Complaint on July 31, 2017, to DHI and Dice, through their registered agent for service of process, The Corporation Trust Company.

A true and correct copy of the Complaint and Summons served on DHI and Dice, along with "all [remaining] process, pleadings and orders served upon" DHI and Dice to date while this action was pending in Santa Clara Superior Court, are attached hereto as Exhibit A. 28 U.S.C. § 1446(a).

A true and correct copy of the docket sheet for the Santa Clara Superior Court action is attached hereto as Exhibit B.

**TIMELINESS OF REMOVAL**

The summons and complaint were served on DHI and Dice on July 31, 2017. Defendants' removal notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of the summons and Complaint upon Defendants on July 31, 2017.

**VENUE**

The Superior Court of the State of California, County of Santa Clara, is located within the Northern District of California. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**INTRADISTRICT ASSIGNMENT**

Assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is appropriate because this action was originally filed in the

NOTICE OF REMOVAL

1

sf-3814574

Superior Court of California, County of Santa Clara.  (Civil L.R. 3-2(e), 3-5(b).)

**BASIS FOR REMOVAL JURISDICTION**

There are at least two independent grounds for removal.  First, Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which gives rise to federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a).  Second, the claims asserted by Plaintiff gives rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**Federal Question Jurisdiction.**  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Claim I (Disseminating Consumer Reports Without a Permissible Purpose) (Compl. ¶¶ 98-102), Claim II (Failure to Obtain Certification of a Permissible Purpose) (*id.* ¶¶ 103-06), Claim III (Failure to Obtain Certification of Disclosure, Authorization, Adverse Action Procedures and Equal Employment Opportunity Laws) (*id.* ¶¶ 107-110), Claim IV (Failure to Provide Summary of Consumer Rights) (*id.* ¶¶ 111-114), Claim V (Failure to Provide Notice to Users of FCRA Responsibilities) (*id.* ¶¶ 115-118), and Claim VI (Failure to Provide Consumers' Full Files Upon Request) (*id.* ¶¶ 119-21), are all for alleged violations of the FCRA.  The FCRA is "a law . . . of the United States."  28 U.S.C. § 1331.  As such, for this reason alone, the action is removable to this Court.

**CAFA Jurisdiction.**  This action is also a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453.  This is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of at least one of the defendants, the number of members of the putative class of plaintiffs is more than 100, and the amount in controversy, if Plaintiff proves his allegations, exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

1      <u>Covered Class Action.</u>  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  The present action is a "class action" for purposes of CAFA because Plaintiff is bringing this action individually and on behalf of two nationwide classes:  (1) the "Open Web Profile Class" consisting of "[a]ll individuals about whom Defendants created an Open Web profile and communicated that profile to a third-party in the five years predating the filing of [the] Complaint and continuing through the date the class list is prepared[;]" and (2) the "Inadequate Disclosure Subclass" consisting of "[a]ll individuals who requested information from their consumer files from Defendants and to whom Defendants did not provide information from the individual's file in the two years predating the filing of this Complaint and continuing through the date the class list is prepared[,]" (Compl. ¶ 129), and because Plaintiff requests class recovery pursuant to California Code of Civil Procedure section 382.  Section 382 is a state statute that "is similar to Federal Rule of Procedure 23."  *Compare* Fed. R. Civ. P. 32 *with* Cal. Civ. Proc. Code § 382; (*see* Compl. ¶¶ 93-97 (addressing numerosity, commonality, typicality, adequacy, and superiority requirements)).  Plaintiff alleges that he believes at least the putative "Improper Procedures Class" comprises "over 1,000 class members."  (Compl. ¶ 131.)

<u>Diversity.</u>  The diversity requirement of §1332(d) is satisfied when any member of a class of plaintiffs is a citizen of a State different from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  In a class action, only the citizenship of the named plaintiff matters for diversity of citizenship.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n.2 (9th Cir. 2001).  As Plaintiff Douglas is a citizen of Colorado, (Compl. ¶ 29), and DHI and Dice are New York corporations, (*id.* ¶ 30), minimal diversity is satisfied.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every state . . . by which it has been incorporated.").

<u>At Least One of the Proposed Classes Exceeds 100 Members.</u>  Plaintiff admits that the proposed "Open Web Profile Class" exceeds CAFA's 100-member threshold.  (*See* Compl. ¶ 93.)  Plaintiff alleges that "Defendants have communicated profiles on more than *1,000 Class members*."  (*Id.* (emphasis added).)

NOTICE OF REMOVAL

3

sf-3814574

<u>Matter in Controversy.</u>  Pursuant to 28 U.S.C. § 1332(d)(2), this Court has "original jurisdiction of any civil [class] action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs."  As provided in 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  No submission of evidence accompanying the removal notice is required.  *Owens*, 135 S. Ct. at 554.  Defendants do not concede that they are liable to Plaintiff or the purported class in any amount, or at all.  Plaintiff does not explicitly allege the value of the matter in controversy in his complaint.  DHI and Dice do not concede that they are liable to Plaintiff or the purported class in any amount, or at all.  Nevertheless, without conceding the merit of Plaintiff's allegations, a fair reading of the Complaint demonstrates that the "matter in controversy" well exceeds the sum or value of $5,000,000 for purposes of removal.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

Plaintiff alleges six separate claims under the FCRA, five of which are brought on behalf of the "Open Web Profile Class," (Compl. ¶¶ 98-118), which Plaintiff alleges has over 1,000 members, (*id.* ¶ 92).

For each FCRA claim, Plaintiff alleges that "Plaintiff and the Open Web Profile Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations . . . ."  (*Id.* ¶¶ 102, 106, 110, 114, 118.)  As the first five claims are brought on behalf of the "Improper Procedures Class," which includes "over 1,000 class members," there is at least $5 million at issue in the first five claims alone, even without considering Plaintiff's request for punitive damages.  Plaintiff also advances a sixth claim on behalf of the "Inadequate Disclosure Subclass," seeking an additional $100 to $1,000 in statutory

damages per class member. (*See id.* ¶ 121.) Plaintiff also seeks injunctive relief, seeking to impose the requirements of the FCRA on DHI and Dice. (*Id.* ¶ 122(h).) The value of the requested injunctive relief to either DHI and Dice or the class should also be included in the amount in controversy. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Finally, Plaintiff seeks attorneys' fees. (Compl. ¶¶ 102, 106, 110, 114, 1118 121, 122(g).) The amount of Plaintiff's attorneys' fees should therefore be included in the amount in controversy calculation. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). In light of Plaintiff's demands for statutory damages, injunctive relief, punitive damages, and the potential attorneys' fee award, the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs. Therefore, pursuant to 28 U.S.C. §§ 1441 and 1446, this action is removable.

<u>No CAFA Exceptions.</u>  The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Defendants are not citizens of California, the state in which the action originally was filed, and no other exclusion applies.

### NOTICE TO STATE COURT AND PLAINTIFF

Counsel for Defendants certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Santa Clara, and served on Plaintiff promptly.

Dated: August 23, 2017                MORRISON & FOERSTER LLP

By:  /s/ James F. McCabe
James F. McCabe

Attorneys for Defendants
DHI GROUP, INC. and DICE INC.

NOTICE OF REMOVAL

5

sf-3814574